IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| **Larry Dobbs**,<br><br>Plaintiff,<br><br>v.<br><br>**Texas Roadhouse Holdings LLC and Texas Roadhouse Inc**,<br><br>Defendants. | C/A No. 8:26-cv-00315-JDA<br><br>**SECOND AMENDED CONFERENCE AND SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this Order.

1. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **December 18, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

2. Discovery shall be completed no later than **February 24, 2027**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions may be completed at any time up to the date of trial. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

   (The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this Order are not affected.)

3. A Rule 56 Conference shall be held no later than **April 04, 2027**.[1]

4. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed no later than **May 8, 2027**.[2]

5. Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **March 27, 2027**.[3] See attached form setting forth Mediation Requirements. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the attached Mediation Initiation Form and return it to the Court no later than thirty (30) days prior to the mediation deadline.

6. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **June 28, 2027**. Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections,

motions in limine, pretrial briefs, and marking of exhibits.

IT IS SO ORDERED.

s/Jacquelyn D Austin
UNITED STATES DISTRICT JUDGE

October 28, 2026
Anderson, South Carolina

---

[1] Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outlined in the attached form setting forth Summary Judgment Motion Procedures.

[2] Motions for summary judgment shall comply with the attached form setting forth Summary Judgment Motion Procedures.

[3] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person, and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.